UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Kwane Reynolds,<br><br>*Defendant.* | **Protective Order**<br><br>**25 Cr. 222 (JAV)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds good cause for a protective order pertaining to discovery materials as follows:

### Categories

1. **Disclosure Material.** The Government will disclose to the defendant documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, some of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy and confidentiality of individuals; (ii) may be produced with more limited redactions than would otherwise be necessary; and (iii) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case and related cases involving the defendant.

2. **Sealed Material**. Certain of the materials the Government will produce to the defense, referred to herein as "Sealed Material," contain information that identifies, or could lead to the identification of the victim who may be subject to intimidation or obstruction, and whose life, person, and property, as well as the lives, persons, and property of loved ones, may be subject to risk of harm absent the protective considerations set forth herein.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

### Disclosure and Treatment

3. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this or any related action involving the defendant.

4. The parties shall not post any Disclosure Material on any Internet site or network site, including any social media site, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

5. Parties intending to file Sealed Material pertinent to any motion before the Court should, consistent with the Court's Individual Rules, seek Court approval to file that material under seal, absent prior consent of the Government or Order of the Court permitting the public filing of such material. Sealed Material may be disclosed by defense counsel to:

    a. The defendant;

    b. Personnel for whose conduct defense counsel is responsible, i.e. personnel employed by or retained by counsel, as needed for purposes of defending this or any related action involving the defendant; and

    c. Prospective witnesses for purposes of defending this action.

### Other Provisions

6. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

7. The Government's designation of Disclosure Material and Sealed Material will be

controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material and Sealed Material beyond that otherwise permitted by this Order without further Order of this Court.

8. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material and Sealed Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Disclosure Material and Sealed Material has been disclosed to which such persons.

9. Except for Disclosure Material and Sealed Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material and Sealed Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material and Sealed Material are provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

10. Discovery that the Bronx District Attorney's Office has already produced to the defense without a protective order in state court shall not be marked as "Disclosure Material" or shall be de-designated pursuant to a request by the defense, so long as it would not otherwise qualify as "Sealed Material."

11. This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material or Sealed Material that originally belonged to the defendant.

**Retention of Jurisdiction**

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

    JAY CLAYTON
    United States Attorney

by: _____  Date:  _6/6/2025_____
    Joe Zabel
    Assistant United States Attorney

_____  Date:  6/6/2025_____
    Marne Lenox
    Counsel for Kwane Reynolds

SO ORDERED:

Dated:  June  9,  2025

New York, New York

                _____
                THE HONORABLE JEANNETTE A. VARGAS
                UNITED STATES DISTRICT JUDGE