UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| -v- | : | 25-CR-00222 (JAV) |
| KWANE REYNOLDS, | : | <u>ORDER</u> |
| Defendant. | : | |

JEANNETTE A. VARGAS, United States District Judge:

Attached to this Order are Court Exhibits 1, 1A, 2, 2A, 3, 3A, 4, the notes sent by the jury to the Court during deliberations (Court Exhibits 5-8), and the jury's completed verdict form—all with jurors signatures redacted.

SO ORDERED.

Dated: July 13, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge

Court Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

KWANE REYNOLDS,

Defendant.

25 CR 222 (JAV)

**PLEASE DO NOT READ FURTHER OR WRITE ANYTHING ON THIS QUESTIONNAIRE UNTIL THE JUDGE TELLS YOU TO DO SO**

# Questions for All Prospective Jurors

## Hardship

1. This trial is expected to last until approximately June 26, 2026. Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to end on or before June 26, 2026?

2. Do you have any personal commitments that would make it difficult for you to be in court by 9:15 every morning of your jury service?

3. Do you have difficulty speaking, reading, or understanding English?

4. Do you have a disability or physical issue that would make it difficult for you to sit as a juror in this case -- such as a hearing loss or a vision problem?

5. Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

6. Is there any reason why serving on this jury would pose an extreme hardship for you?

**Knowledge of Case or Trial Participants**

7. Do you have personal knowledge of the charges in the indictment as I have described them to you?

8. Have you read or heard anything about this case through the media, the Internet, or any other source?

9. As I mentioned earlier, the Defendant in this case is Kwane Reynolds. Do you, or does any member of your family or a close friend, know Kwane Reynolds, or know anything about Kwane Reynolds beyond what I have told you today?

10. Kwane Reynolds is represented at trial by attorney Yusuf A. El Ashmawy of Nelson Robinson & El Ashmawy. Do you, or any of your relatives or close friends, know Mr. Ashmawy or his firm? Have you, or any of your relatives or close friends, had any dealings with them? Do you have any knowledge or information about them?

11. The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Jay Clayton. The Assistant United States Attorneys who will be prosecuting this case are Joseph Zabel, Jacob R. Fiddelman, and Cameron Molis, and they will be assisted and joined at counsel table by paralegal specialists [INSERT NAMES]. Do you, or any of your relatives or close friends, know any of these individuals? Have you, or any of your relatives or close friends, had any dealings with them? Do you have any knowledge or information about them?

12. Do you, or any relatives or close friends, have any association—professional, business, or social, direct or indirect—with any member of the staff of the United States Attorney's Office for the Southern District of New York?

13. The Government attorneys will also be assisted by [INSERT NAME OF LAW ENFORCEMENT OFFICERS] of [INSERT AGENCY NAME OR NYPD]. Do you, or any of your

relatives or close friends, know [INSERT NAME]? Have you, or any of your relatives or close friends, had any dealings, directly or indirectly, with them? Do you have any knowledge or information about them or [AGENCY]?

14. Do you, or any relatives or close friends, have any association—professional, business, or social, direct or indirect—with [AGENCY NAMES]?

15. Do you, or does anyone close to you, know me, my deputy, Nicole Molinelli, or my law clerk, Andrew Metz?

16. Do you know any of the other jurors here today?

17. I am now going to read a list of other names of people or business entities that may be mentioned during the trial. Please listen carefully to the list of names.

    [LIST TO BE PROVIDED]

    Do you know or have you heard of any of the people I just listed?

18. Are you familiar with any of the following locations:

    [LIST TO BE PROVIDED]

**Subject Matter of Case — Firearms and Ammunition**

19. Do you feel that the fact that the allegations involve illegal possession and use of a firearm and ammunition may affect your ability to render a fair verdict?

20. Do you have strong feelings about gun control or any opinions about the enforcement of laws prohibiting the possession of firearms or ammunition that might prevent you from being fair and impartial in this case?

21. Have you, anyone in your family, or anyone you live with, ever owned a firearm or ammunition?

22. Do you have any experience using firearms or do you have any particularized knowledge regarding the mechanics of how a handgun and/or ammunition works?

23. Have you, or has any member of your family, ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to firearms, ammunition, or gun control?

24. Have you ever supported or belonged to any organization involved in such work?

25. Have you or anyone close to you had an unpleasant experience involving firearms or ammunition?

26. Is there anything else about the nature of this case that would cause you to be unable to render a fair and impartial verdict?

**Experience with the Legal System**

27. Have you ever served as a juror in any court?

28. Have you, or has anyone close to you, ever studied or practiced law or worked in any capacity for a law office?

29. Have you, or has any member of your family or a close friend, ever worked in law enforcement — for example, as a police officer or a federal agent; as a correctional officer in a jail or prison; in a local, state, or federal prosecutor's office, or in some other law enforcement capacity?

30. I earlier asked you specifically about the United States Attorney's Office for the Southern District of New York, the New York City Police Department, the Yonkers Police

Department, and the Federal Bureau of Investigation. Do you, or any relatives or close friends, have any association—professional, business, or social, direct or indirect—with any other law enforcement or agency?

31. Have you, or has any member of your family or a close friend, had any experience with a criminal defense attorney or a criminal prosecutor that you think might make it difficult for you to be a fair and impartial juror in this case?

32. Have you, or has any member of your family or a close friend, ever appeared as a witness in a criminal case, either at a trial or in the grand jury?

33. Have you, or has any member of your family or a close friend, ever been the victim of a crime?

34. Have you, or has any member of your family or a close friend, ever been charged with a crime or been a defendant in a criminal case?

35. Have you, or has any member of your family or a close friend, had any experience with law enforcement, either positive or

negative, that might make it difficult for you to be a fair and impartial juror in this case?

36. Do you have any strong feelings about law enforcement or the criminal justice system generally, either positive or negative, that might make it difficult for you to be a fair and impartial juror in this case?

**Role as Jurors**

37. I don't know if the case will generate any publicity, but if it does, would you have any trouble accepting the proposition that you should absolutely avoid reading about this case in the newspapers, or reading or listening to any online reports or other media reporting concerning the case, until after it is over?

38. The role of the jury is to decide the facts. I, as the Judge, do not play any role in your determination of the facts. What I will do is to instruct you on the law. You will apply the facts as you find them to the law that I instruct you on, and your conclusion will be your verdict. You must apply the law as I

instructed, regardless of your personal opinion as to what the law is or should be. Do you have any doubt that you will be able to apply the law as I explain it, even if you disagree with the law or believe it should be different?

39. In reaching a verdict, you are to wait until all the evidence has been presented and I have instructed you as to the law to be applied, before you make up your mind about any fact or issue in the case. Is there any reason why you would be unwilling to accept or follow this rule of law?

40. You must decide this case without being influenced by your personal feelings about the parties. You must return a verdict on the facts and the law. Is there any reason why you would be unwilling to accept or follow this rule of law?

41. Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person?

42. During trial, you will hear testimony from witnesses with all sorts of backgrounds. You must judge the credibility of each one based on his or her own testimony, not on any assumptions

about them based on who they are or what they do. Is there any reason why you would be unwilling to accept or follow this rule of law?

43. Would you have any difficulty accepting my instruction that the testimony of a law enforcement officer should be evaluated by you just as you would evaluate the testimony of any other witness?

44. Would you have any difficulty following my instruction that the defendant in a criminal case is presumed innocent, and that the burden of proof remains at all times with the Government to prove the defendant guilty of each charge against him beyond a reasonable doubt?

45. Under our Constitution, the defendant does not have to testify, because the burden of proof remains with the Government at all times. If the defendant does not testify, the jury may not draw any unfavorable inference against the defendant based on that decision. That fact cannot enter at all into the jury's

deliberations. Would you have any difficulty following my instructions on the law in this regard?

46. In addition, under our Constitution, the defendant is innocent until proven guilty. The defendant is therefore under no obligation to present any evidence on his own behalf, and it is the Government that must prove its case beyond a reasonable doubt. If the defendant elects not to present any evidence, the jury cannot draw any adverse inference against him based on that decision. That fact cannot enter at all into the jury's deliberations in any way. Would you have any difficulty following my instructions on the law in this regard?

47. Would you have any difficulty following my instruction that an indictment is only an accusation, and that the fact that an individual has been indicted of one or more offenses does not mean that he is guilty of any offense?

48. Would you have any difficulty following my instruction that the question of punishment is for the Court alone to decide and that any possible punishment must not enter into your

deliberations as to whether the defendant is guilty of the crimes charged?

49. As you can tell from my prior questions, the fundamental issue here is whether there is anything in your personal history or life experience that would prevent you from acting as a fair and impartial juror. So let me ask you one final time, is there anything—whether I have asked specifically about it or not—that would affect your ability to render a fair and impartial verdict in this case?

Court Exhibit 1

## Questions for Individual Prospective Jurors

1. Where were you born? Where did you grow up?
2. Where in New York do you live? How long have you lived there?
3. What is the highest level of school that you completed? What did you study?
4. Are you employed? If so, what do you do? What is the name of your present employer? How long have you worked for this employer? What is the nature of your work for this employer? If you are not currently working, what was your last job? When did you work in that job?
5. Are there other members of your household? What do they do for a living?
6. Do you have adult children living outside your home? What do they do for a living?
7. Have you ever served in the military? If so, which branch, and when?
8. What do you do in your spare time?

9. Do you listen to any podcasts? If so, which ones?

10. Do you watch Law & Order, CSI, or any other police or legal dramas?

11. What, if anything, do you like to read?

12. Are you a member of any organizations or clubs?

13. Please name a famous person you admire, and briefly say why.

Court Exhibit 1A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

KWANE REYNOLDS,

Defendant.

25-cr-0222 (JAV)

**PLEASE DO NOT READ FURTHER OR WRITE ANYTHING ON THIS QUESTIONNAIRE UNTIL THE JUDGE TELLS YOU TO DO SO**

Court Exhibit 1A

## Questions for All Prospective Jurors

### Hardship

1. This trial is expected to last until approximately June 26, 2026. Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to end on or before June 26, 2026?

2. Do you have any personal commitments that would make it difficult for you to be in court by 9:15 every morning of your jury service?

3. Do you have difficulty speaking, reading, or understanding English?

4. Do you have a disability or physical issue that would make it difficult for you to sit as a juror in this case -- such as a hearing loss or a vision problem?

5. Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

6. Is there any reason why serving on this jury would pose an extreme hardship for you?

**Knowledge of Case or Trial Participants**

7. Do you have personal knowledge of the charges in the indictment as I have described them to you?

8. Have you read or heard anything about this case through the media, the Internet, or any other source?

9. As I mentioned earlier, the Defendant in this case is Kwane Reynolds. Do you, or does any member of your family or a close friend, know Kwane Reynolds, or know anything about Kwane Reynolds beyond what I have told you today?

10. Kwane Reynolds is represented at trial by attorneys Yusuf A. El Ashmawy of the Law Offices of Yusuf El Ashmawy, Esq. P.C, and Randy Haddad of HaddLegal. Do you, or any of your relatives or close friends, know Mr. Ashmawy, Mr. Haddad, or their firms? Have you, or any of your relatives or close friends, had any dealings with them? Do you have any knowledge or information about them?

11. The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Jay Clayton. The Assistant United States Attorneys who will be prosecuting this case are Joseph Zabel, Jacob R. Fiddelman, and Cameron Molis, and they will be assisted and joined at counsel table by paralegal specialist Frank Mastroianni. Do you, or any of your relatives or close friends, know any of these individuals? Have you, or any of your relatives or close friends, had any dealings with them? Do you have any knowledge or information about them?

12. Do you, or any relatives or close friends, have any association—professional, business, or social, direct or indirect—with any member of the staff of the United States Attorney's Office for the Southern District of New York?

13. I am now going to read a list of government agencies that may be mentioned during the trial:

- Federal Bureau of Investigation
- New York City Fire Department
- New York City Police Department
- U.S. Department of Housing and Urban Development
- Westchester County Human Rights Commission
- Yonkers Police Department

Do you, or any relatives or close friends, have any association—professional, business, or social, direct or indirect—with those agencies? Do you have any knowledge, information, or feelings about those agencies that might prevent you from being fair and impartial in this case?

14. Do you, or does anyone close to you, know me, my deputy, Nicole Molinelli, or my law clerk, Andrew Metz?

15. Do you know any of the other jurors here today?

16. I am now going to read a list of other names of people or business entities that may be mentioned during the trial. Please listen carefully to the following list of names:

- Stephanie Abdul-Jabbar
- Janet Arroyo
- Brian Doherty
- John Claunch
- Tamara Cummings

Court Exhibit 1A

- Salvatore DiRosa
- Matthew Faeth
- Joseph Grippo
- Christopher Hansen
- Matthew Mahaffey
- Frank Piazza
- Nuno Pires
- Kwane Reynolds
- Sharon Roberson
- Frank Robustelli
- Stephen Torres
- Samuel Winsbacher
- Gramatan Property Management

Do you know or have you heard of any of the people or entities I just listed?

17. Are you familiar with any of the following locations:

- 3525 Rochambeau Avenue, Bronx, New York
- 11 Bronx River Road, Yonkers, New York
- 3518 Bainbridge Avenue, Bronx, New York
- 3521 Dekalb Avenue, Bronx, New York
- 3573 Dekalb Avenue, Bronx, New York
- 3700 Jerome Avenue, Bronx, New York
- Montefiore Hospital, Bronx, New York
- Saint Barnabas Hospital, Bronx, New York
- 4286 Van Cortlandt Park East, Bronx, New York
- Yonkers City Court, Yonkers, New York

**Subject Matter of Case — Firearms and Ammunition**

18. Do you feel that the fact that the allegations involve illegal possession and use of a firearm and ammunition may affect your ability to render a fair verdict?

19. Do you have strong feelings about gun control or any opinions about the enforcement of laws prohibiting the possession of firearms or ammunition that might prevent you from being fair and impartial in this case?

20. Have you, anyone in your family, or anyone you live with, ever owned a firearm or ammunition?

21. Do you have any experience using firearms or do you have any particularized knowledge regarding the mechanics of how a handgun and/or ammunition works?

22. Have you, or has any member of your family, ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to firearms, ammunition, or gun control?

23. Have you ever supported or belonged to any organization involved in such work?

24. Have you or anyone close to you had an unpleasant experience involving firearms or ammunition?

25. Is there anything else about the nature of this case that would cause you to be unable to render a fair and impartial verdict?

**Experience with the Legal System**

26. Have you ever served as a juror in any court?

27. Have you, or has anyone close to you, ever studied or practiced law or worked in any capacity for a law office?

28. Have you, or has any member of your family or a close friend, ever worked in law enforcement — for example, as a police officer or a federal agent; as a correctional officer in a jail or prison; in a local, state, or federal prosecutor's office, or in some other law enforcement capacity?

29. I earlier asked you specifically about the United States Attorney's Office for the Southern District of New York, the New York City Police Department, the Yonkers Police

Department, and the Federal Bureau of Investigation. Do you, or any relatives or close friends, have any association—professional, business, or social, direct or indirect—with any other law enforcement or agency?

30. Have you, or has any member of your family or a close friend, had any experience with a criminal defense attorney or a criminal prosecutor that you think might make it difficult for you to be a fair and impartial juror in this case?

31. Have you, or has any member of your family or a close friend, ever appeared as a witness in a criminal case, either at a trial or in the grand jury?

32. Have you, or has any member of your family or a close friend, ever been the victim of a crime?

33. Have you, or has any member of your family or a close friend, ever been charged with a crime or been a defendant in a criminal case?

34. Have you, or has any member of your family or a close friend, had any experience with law enforcement, either positive or

negative, that might make it difficult for you to be a fair and impartial juror in this case?

35. Do you have any strong feelings about law enforcement or the criminal justice system generally, either positive or negative, that might make it difficult for you to be a fair and impartial juror in this case?

**Role as Jurors**

36. I don't know if the case will generate any publicity, but if it does, would you have any trouble accepting the proposition that you should absolutely avoid reading about this case in the newspapers, or reading or listening to any online reports or other media reporting concerning the case, until after it is over?

37. The role of the jury is to decide the facts. I, as the Judge, do not play any role in your determination of the facts. What I will do is to instruct you on the law. You will apply the facts as you find them to the law that I instruct you on, and your conclusion will be your verdict. You must apply the law as I

instructed, regardless of your personal opinion as to what the law is or should be. Do you have any doubt that you will be able to apply the law as I explain it, even if you disagree with the law or believe it should be different?

38. In reaching a verdict, you are to wait until all the evidence has been presented and I have instructed you as to the law to be applied, before you make up your mind about any fact or issue in the case. Is there any reason why you would be unwilling to accept or follow this rule of law?

39. You must decide this case without being influenced by your personal feelings about the parties. You must return a verdict on the facts and the law. Is there any reason why you would be unwilling to accept or follow this rule of law?

40. Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person?

41. During trial, you will hear testimony from witnesses with all sorts of backgrounds. You must judge the credibility of each one based on his or her own testimony, not on any assumptions

about them based on who they are or what they do. Is there any reason why you would be unwilling to accept or follow this rule of law?

42. Would you have any difficulty accepting my instruction that the testimony of a law enforcement officer should be evaluated by you just as you would evaluate the testimony of any other witness?

43. Would you have any difficulty following my instruction that the defendant in a criminal case is presumed innocent, and that the burden of proof remains at all times with the Government to prove the defendant guilty of each charge against him beyond a reasonable doubt?

44. Under our Constitution, the defendant does not have to testify, because the burden of proof remains with the Government at all times. If the defendant does not testify, the jury may not draw any unfavorable inference against the defendant based on that decision. That fact cannot enter at all into the jury's

deliberations. Would you have any difficulty following my instructions on the law in this regard?

45. In addition, under our Constitution, the defendant is innocent until proven guilty. The defendant is therefore under no obligation to present any evidence on his own behalf, and it is the Government that must prove its case beyond a reasonable doubt. If the defendant elects not to present any evidence, the jury cannot draw any adverse inference against him based on that decision. That fact cannot enter at all into the jury's deliberations in any way. Would you have any difficulty following my instructions on the law in this regard?

46. Would you have any difficulty following my instruction that an indictment is only an accusation, and that the fact that an individual has been indicted of one or more offenses does not mean that he is guilty of any offense?

47. Would you have any difficulty following my instruction that the question of punishment is for the Court alone to decide and that any possible punishment must not enter into your

deliberations as to whether the defendant is guilty of the crimes charged?

48. As you can tell from my prior questions, the fundamental issue here is whether there is anything in your personal history or life experience that would prevent you from acting as a fair and impartial juror. So let me ask you one final time, is there anything—whether I have asked specifically about it or not—that would affect your ability to render a fair and impartial verdict in this case?

## Questions for Individual Prospective Jurors

1. Where were you born? Where did you grow up?

2. Where in New York do you live? How long have you lived there?

3. What is the highest level of school that you completed? What did you study?

4. Are you employed? If so, what do you do? What is the name of your present employer? How long have you worked for this employer? What is the nature of your work for this employer? If you are not currently working, what was your last job? When did you work in that job?

5. Are there other members of your household? What do they do for a living?

6. Do you have adult children living outside your home? What do they do for a living?

7. Have you ever served in the military? If so, which branch, and when?

8. What do you do in your spare time?

9. Do you listen to any podcasts? If so, which ones?

10. Do you watch Law & Order, CSI, or any other police or legal dramas?

11. What, if anything, do you like to read?

12. Are you a member of any organizations or clubs?

13. Please name a famous person you admire, and briefly say why.

Court Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>KWANE REYNOLDS<br><br>Defendant. | 25-cr-0222 (JAV) |

JEANNETTE A. VARGAS, United States District Judge:

**Preliminary Jury Instructions**

Now that you have been sworn in, let me explain to you what the next few days will look like, as well as give you information about your role as jurors and the instructions that you, as jurors, must follow. At the end of the trial, I will give you a final set of instructions, and it will be those instructions that will control your deliberations.

## I. ROLE OF THE JURY

At the end of the presentation of the evidence and after my final charge to you, it will be your duty to decide from the evidence what the facts are. You, the members of the Jury, are the sole and exclusive judges of the facts. You will hear the evidence, determine the credibility of witnesses, decide what the facts are, and draw whatever reasonable inferences you decide to draw from the facts as you determine them. In doing so, please remember that you took an oath to render judgment impartially and fairly, without prejudice or sympathy or fear, based solely on the evidence and the applicable law.

My duty is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them. On these legal issues, you must take the law

as I give it to you, whether you agree with it or not. If any attorney states a legal principle different from any that I state to you in my instructions, it is my instruction that you must follow.

You must not take anything I may say or do during the trial as indicating what your verdict should be. I will not express or imply any opinions about which witnesses you should believe, what facts are established or what inferences should be drawn from the evidence.

You are the sole judges of all the questions of fact submitted to you. As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it.

## II. PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

The burden is on the Government to prove guilt beyond a reasonable doubt. As I will instruct you in more detail after the lawyers have presented their cases, reasonable doubt is based on reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence, or a doubt that would make a reasonable person hesitate to act in a matter of importance in his or her own life. The burden to prove guilt beyond a reasonable doubt never shifts to Defendant because the law never imposes on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The law presumes Defendant to be innocent of all the charges against him.

If, after careful consideration of all of the evidence or lack of evidence at the end of the trial, and following the rules of law that I will explain, you have a reasonable doubt about Defendant's guilt, you must acquit him — that is, you must find him not guilty. If, however, after careful consideration of all the evidence presented, and following the rules of law that I will explain, you are convinced that the prosecution has proven the elements of the offense beyond a reasonable doubt, you must convict him — that is, find him guilty.

## III. EVIDENCE IN THIS CASE

You will decide what the facts are from the evidence that will be presented in court. As I mentioned earlier, that evidence will consist of the testimony of witnesses; documents and other things received into evidence as exhibits; and any facts that that the lawyers agree to or admit, or that I may instruct you to find.

There are two kinds of evidence: direct and circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from which you can find another fact. You may consider both direct and circumstantial evidence in deciding this case. The law permits you to give equal weight to both or to none; it is up to you to decide how much weight, if any, to give to any evidence.

There is no formula by which you should evaluate testimony or exhibits. I will, however, give you some guidelines for determining the credibility of witnesses at the end of the case. Right now, I will just say that you bring with you to this courtroom all of the experience and background of your lives. You do not have to leave your common sense outside the courtroom. The same types of tests that you use in your everyday dealings are the tests that you will apply in your deliberations.

It is essential, however, that you keep an open mind until you have heard all of the evidence in the case. A case can be presented only step by step, witness by witness. As you know from experience, you can hear one person give his or her version of an event and think it sounds very impressive or even compelling, and yet, upon hearing another person's version of the same event – or even the same person cross-examined with respect to the event – things may seem very different. In other words, there may be another side to any witness's story. You

should use your common sense and good judgment to evaluate each witness's testimony based on all of the circumstances. Again, I cannot emphasize too strongly that you must keep an open mind until the trial is over. You should not reach any conclusions until you have all the evidence before you.

During the trial, you may hear one side object when the other side offers testimony or other evidence which they believe is not admissible. They have the right and duty to make those objections, and to ask the Court to make rulings of law. All those questions of law must be decided by me. You should not show any prejudice against an attorney or any of the parties because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked the Court for a ruling on the law. It is an attorney's duty to do all of these things.

My rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

If, however, I sustain an objection to a question asked of the witness, that means I will not permit the witness to answer or, if the witness has already answered, I will instruct that the answer be stricken from the record and that you disregard it and dismiss it from your minds. In reaching your decision, you may not draw any inference from an unanswered question. Nor may you consider testimony that I have ordered stricken from the record.

## IV. WHAT IS NOT EVIDENCE

You should also understand what is not evidence. What the attorneys say in their opening statements, closing arguments, objections or questions is not evidence. Neither is the testimony that I instruct you to disregard. Moreover, anything that I say is not evidence.

The attorneys' arguments are commentary to help you understand the evidence. For example, in opening statements, the lawyers will tell you what they expect the evidence to show, but what they say is not evidence, and it is only what is actually introduced into evidence that you may consider in reaching your verdict. If, in the course of your deliberations, your recollection of the facts differs from the lawyers' arguments, it is your recollection that controls.

## V. TESTIMONY OF LAW ENFORCEMENT

You will hear testimony of law enforcement officials. The fact that a witness may be employed by the government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is legitimate for the defense to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

## VI. SUMMARY OF THE CASE

This is a criminal case. It is brought in the name of the United States against Kwane Reynolds. The fact that the prosecution is brought in the name of the United States does not entitle the Government to any greater consideration than that accorded Mr. Reynolds. All parties stand as equals here in court.

I will now summarize the charge in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

Mr. Reynolds is charged with one crime. The Government alleges that, on or about December 30, 2024, in the vicinity of 3525 Rochambeau Avenue in the Bronx, New York, Mr. Reynolds, knowing he had been previously convicted in a court of a crime punishable by more than one year of imprisonment, knowingly possessed ammunition, which was in and affecting interstate commerce. The Government also alleges that Mr. Reynolds possessed that ammunition in the course of shooting another person.

**Substantive Legal Instruction**

The federal law prohibiting a person who has been convicted of a crime punishable by more than one year of imprisonment from possessing ammunition is Section 922(g)(1) of Title 18 of the United States Code. That law states:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any . . . ammunition.

In order to sustain its burden of proof, the Government must prove each of the following three elements beyond a reasonable doubt:

First, that Mr. Reynolds knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year in a court of the United States or any state prior to the date he allegedly possessed the ammunition, that is, prior to on or about December 30, 2024;

Second, that on or about December 30, 2024, Mr. Reynolds knowingly possessed ammunition; and

Third, that Mr. Reynold's possession of the ammunition was in or affecting interstate or foreign commerce.

## I. First Element: Conviction of a Crime Punishable by Imprisonment for a Term Exceeding One Year

The first element the Government must prove beyond a reasonable doubt is that Mr. Reynolds was convicted of a crime punishable by imprisonment for a term exceeding one year, in a court of the United States or any State, prior to December 30, 2024, the date he allegedly possessed the ammunition, and that Mr. Reynolds knew he had been convicted of the past crime.

I instruct you that the prior conviction is to be considered by you only for the fact that it exists and nothing else. You are not to consider it for any other purpose or draw any inferences from it. Mr. Reynolds is not on trial for any prior offense.

## II. Second Element: Knowing Possession of Ammunition

The second element that the Government must prove beyond a reasonable doubt is that, on or about December 30, 2024, Mr. Reynolds knowingly possessed ammunition.

The term "ammunition" means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.

To "possess" means to have something within a person's control. This does not necessarily mean that the defendant must hold it physically, that is, have actual possession of it. As long as the ammunition is within the defendant's control, he possesses it. If you find that the defendant either had actual possession of the ammunition, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the government has proven possession.

## III. Third Element: In or Affecting Interstate Commerce

The third element that the Government must prove beyond a reasonable doubt is that the

ammunition that Mr. Reynolds is charged with possessing was in or affecting interstate commerce.

**<u>Conduct of the Jury and Outline of the Trial</u>**

This concludes our preliminary discussion of the law. I will now tell you about the conduct of the jury and the outline of the trial.

## I. INSTRUCTIONS ON NOTETAKING

Each of you has been provided a notebook and pen. You do not have to take notes, but you may if you wish. Please be sure though that any notetaking does not interfere with your listening to and considering all of the evidence. Also, if you do take notes, you must not show them to, or discuss them with, any other juror or anyone else at any time, either before or during your deliberations. Any notes you take are to be used solely to assist you, and your notes are not to substitute for your recollection of the evidence. The fact that a particular juror takes notes entitles that juror's views to no greater weight than those of any other juror. If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official transcript that is being made of these proceedings be read to you.

Ms. Molinelli, my Courtroom Deputy, will safeguard your notebooks during breaks at the end of each day and secure them. No one is permitted to review your notes. After the trial has concluded, the notebooks and your notes will be collected and destroyed. If you do plan to take notes, please write your juror number and name and initials on the cover so you will know the notebook is yours.

## II. GENERAL INSTRUCTIONS

I should also caution you about certain rules governing your conduct as jurors.

First, do not talk to each other about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk or communicate with anyone else about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors. This prohibition on communication extends to members of your family and your friends. You may tell them that you are a juror in a case but don't tell them anything else about it until after you have been discharged by me.

No communicating about the case means absolutely no communicating about the case through social media or through any other electronic means. This includes Facebook, X, Instagram, Tiktok, Discord, Slack, and any other messaging platform. Do not communicate about it on a blog or a comment section or anywhere online. Don't talk about it via texts, instant messages, or direct messages. I am sure I am missing some, since new apps and messaging services are cropping up all the time, but to be clear, my instructions on this are meant to cover any type of communication about your involvement in this case in any format, through any means.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately through Ms. Molinelli, my Courtroom Deputy. You should not, however, discuss with your fellow jurors either that fact or any other fact that you feel is necessary to bring to the attention of the Court.

Fourth, do not converse, whether in or out of the courtroom, with any of the parties or the attorneys or any witness. By this I mean, not only do not converse about the case, but do not converse at all, even to ask the time of day. In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you as jurors. I have instructed the lawyers

and the parties that they are not to speak to you or even acknowledge you with a "hello" or "good morning" outside the courtroom. So, do not hold it against them if they ignore you or leave an area that you are in. They are simply following my instructions. The reason for this rule is simple. Someone watching from a distance might not hear what is said between an attorney and a juror, and even a pleasantry could create a misimpression.

To minimize the probability of any such improper communication, it is important that you go straight to the jury room when you come in in the morning and that you remain in the courtroom or the jury room for the duration of the trial day. You should use the bathrooms in the jury room rather than the bathrooms on this or any other floor; as you were probably told already, you may not use the cafeteria. Given that our morning and afternoon breaks will be short, it is best that you remain in the jury room if you can.

Fifth, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it. Until a verdict is released and you are discharged, you must insulate yourself from all information about this case, except what has come to you in this courtroom. That means no reading, watching, or listening to media coverage or commentary about the case or comments from your friends or loved ones. You are sealed from other information. And if anything happens that results in some exposure to some outside source, you are obligated to report it to the Court.

Sixth, do not do any research or any investigation about the case on your own. You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case and the parties involved in the case. You are not to use generative AI to do research about this case, or any of the issues raised in this case. Do not visit

any place you may hear described during the trial. Don't look up any of the witnesses or persons mentioned in this case online. This includes the attorneys, don't look up the attorneys' profiles or try to find information about the attorneys online. For some of you, looking up people online may be something you routinely do in your ordinary lives, but you should not do it while serving as a juror.

In other words, you should not search the Internet, websites or blogs, use AI, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information about this case from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case has ended.

I understand that I just laid out a long list of rules about what you can and cannot do during your jury service. But these rules are very important. The parties are entitled to have you personally render a verdict in this case on the basis of your independent evaluation of the evidence presented here in the courtroom. Obviously, speaking to others about this case, including your family, before you deliberate or exposing yourself to evidence outside the courtroom would compromise your service and fairness to the parties. The Court relies on you, our jurors, to follow these instructions so that we can ensure that every litigant receives due process of law.

Finally, I expect you to inform me immediately, through my Deputy, if you become aware of another juror's violation of these instructions.

## III. OUTLINE OF TRIAL

Finally, let me tell you about the different stages of the trial.

First, the Government will make an opening statement. After that, defense counsel may, but does not have to, make an opening statement. An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, and it is offered to help you follow the evidence.

After the opening statements, the Government will present its case. The Government will call its witnesses, and after each witness testifies on direct examination, defense counsel will have the opportunity to cross examine.

Following the Government's case, the defense may present a defense case. Because of the presumption of innocence, the defense is not required to offer any proof. You may not draw any negative inference or hold it against Mr. Reynolds in any way, if the defense chooses not to put on a case. The sole issue is whether the Government has proved its case beyond a reasonable doubt.

After the evidence is completed and before the closing arguments, I will give you final instructions on the law. Then the attorneys will give their closing arguments. This is the opportunity for the lawyers to summarize the evidence or lack of evidence in light of the law.

After the closing arguments, I will give you brief final instructions, and you will retire to deliberate on your verdict. Your verdict must be unanimous.

Please do not make up your mind about what the verdict should be until the very end of the trial — after I have instructed you on the law at the end of the case and you have gone to the jury room and you and your fellow jurors have discussed the evidence. Keep an open mind until

then. The parties deserve, and the law requires, that you give them an opportunity to be fully heard.

## IV. CONDUCT OF THE TRIAL

In general, you should be in the jury room by 9:15 a.m. Please allow time to get through security. We will sit from 9:30 a.m. – 5:00 p.m. on Mondays through Thursdays until we are finished. I expect the trial will end by June 26, 2026.

There will be a one-hour lunch break around 12:30 p.m. and a 15-minute break mid-morning and mid-afternoon. No other breaks. Please plan accordingly. Please be here early if possible, and always be on time.

**Court Exhibit 2A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>KWANE REYNOLDS,<br><br>Defendant. | 25-cr-0222 (JAV) |

JEANNETTE A. VARGAS, United States District Judge:

**Preliminary Jury Instructions**

Now that you have been sworn in, let me explain to you what the next few days will look like, as well as give you information about your role as jurors and the instructions that you, as jurors, must follow. At the end of the trial, I will give you a final set of instructions, and it will be those instructions that will control your deliberations.

## I. ROLE OF THE JURY

At the end of the presentation of the evidence and after my final charge to you, it will be your duty to decide from the evidence what the facts are. You, the members of the Jury, are the sole and exclusive judges of the facts. You will hear the evidence, determine the credibility of witnesses, decide what the facts are, and draw whatever reasonable inferences you decide to draw from the facts as you determine them. In doing so, please remember that you took an oath to render judgment impartially and fairly, without prejudice or sympathy or fear, based solely on the evidence and the applicable law.

My duty is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them. On these legal issues, you must take the law

as I give it to you, whether you agree with it or not. If any attorney states a legal principle different from any that I state to you in my instructions, it is my instruction that you must follow.

You must not take anything I may say or do during the trial as indicating what your verdict should be. I will not express or imply any opinions about which witnesses you should believe, what facts are established or what inferences should be drawn from the evidence.

You are the sole judges of all the questions of fact submitted to you. As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it.

## II. PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

The burden is on the Government to prove guilt beyond a reasonable doubt. As I will instruct you in more detail after the lawyers have presented their cases, reasonable doubt is based on reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence, or a doubt that would make a reasonable person hesitate to act in a matter of importance in his or her own life. The burden to prove guilt beyond a reasonable doubt never shifts to Defendant because the law never imposes on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The law presumes Defendant to be innocent of all the charges against him.

If, after careful consideration of all of the evidence or lack of evidence at the end of the trial, and following the rules of law that I will explain, you have a reasonable doubt about Defendant's guilt, you must acquit him — that is, you must find him not guilty. If, however, after careful consideration of all the evidence presented, and following the rules of law that I will explain, you are convinced that the prosecution has proven the elements of the offense beyond a reasonable doubt, you must convict him — that is, find him guilty.

**Court Exhibit 2A**

## III. EVIDENCE IN THIS CASE

You will decide what the facts are from the evidence that will be presented in court. As I mentioned earlier, that evidence will consist of the testimony of witnesses; documents and other things received into evidence as exhibits; and any facts that that the lawyers agree to or admit, or that I may instruct you to find.

There are two kinds of evidence: direct and circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from which you can find another fact. You may consider both direct and circumstantial evidence in deciding this case. The law permits you to give equal weight to both or to none; it is up to you to decide how much weight, if any, to give to any evidence.

There is no formula by which you should evaluate testimony or exhibits. I will, however, give you some guidelines for determining the credibility of witnesses at the end of the case. Right now, I will just say that you bring with you to this courtroom all of the experience and background of your lives. You do not have to leave your common sense outside the courtroom. The same types of tests that you use in your everyday dealings are the tests that you will apply in your deliberations.

It is essential, however, that you keep an open mind until you have heard all of the evidence in the case. A case can be presented only step by step, witness by witness. As you know from experience, you can hear one person give his or her version of an event and think it sounds very impressive or even compelling, and yet, upon hearing another person's version of the same event – or even the same person cross-examined with respect to the event – things may seem very different. In other words, there may be another side to any witness's story. You

should use your common sense and good judgment to evaluate each witness's testimony based on all of the circumstances. Again, I cannot emphasize too strongly that you must keep an open mind until the trial is over. You should not reach any conclusions until you have all the evidence before you.

During the trial, you may hear one side object when the other side offers testimony or other evidence which they believe is not admissible. They have the right and duty to make those objections, and to ask the Court to make rulings of law. All those questions of law must be decided by me. You should not show any prejudice against an attorney or any of the parties because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked the Court for a ruling on the law. It is an attorney's duty to do all of these things.

My rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

If, however, I sustain an objection to a question asked of the witness, that means I will not permit the witness to answer or, if the witness has already answered, I will instruct that the answer be stricken from the record and that you disregard it and dismiss it from your minds. In reaching your decision, you may not draw any inference from an unanswered question. Nor may you consider testimony that I have ordered stricken from the record.

## IV. WHAT IS NOT EVIDENCE

You should also understand what is not evidence. What the attorneys say in their opening statements, closing arguments, objections or questions is not evidence. Neither is the testimony that I instruct you to disregard. Moreover, anything that I say is not evidence.

The attorneys' arguments are commentary to help you understand the evidence. For example, in opening statements, the lawyers will tell you what they expect the evidence to show, but what they say is not evidence, and it is only what is actually introduced into evidence that you may consider in reaching your verdict. If, in the course of your deliberations, your recollection of the facts differs from the lawyers' arguments, it is your recollection that controls.

## V. TESTIMONY OF LAW ENFORCEMENT

You will hear testimony of law enforcement officials. The fact that a witness may be employed by the government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is legitimate for the defense to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

## VI. SUMMARY OF THE CASE

This is a criminal case. It is brought in the name of the United States against Kwane Reynolds. The fact that the prosecution is brought in the name of the United States does not entitle the Government to any greater consideration than that accorded Mr. Reynolds. All parties stand as equals here in court.

**Court Exhibit 2A**

I will now summarize the charge in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

Mr. Reynolds is charged with one crime. The Government alleges that, on or about December 30, 2024, in the vicinity of 3525 Rochambeau Avenue in the Bronx, New York, Mr. Reynolds, knowing he had been previously convicted in a court of a crime punishable by more than one year of imprisonment, knowingly possessed ammunition, which was in and affecting interstate commerce. The Government also alleges that Mr. Reynolds possessed that ammunition in the course of shooting another person.

**Substantive Legal Instruction**

The federal law prohibiting a person who has been convicted of a crime punishable by more than one year of imprisonment from possessing ammunition is Section 922(g)(1) of Title 18 of the United States Code. That law states:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any . . . ammunition.

In order to sustain its burden of proof, the Government must prove each of the following three elements beyond a reasonable doubt:

First, that Mr. Reynolds knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year in a court of the United States or any state prior to the date he allegedly possessed the ammunition, that is, prior to on or about December 30, 2024;

Second, that on or about December 30, 2024, Mr. Reynolds knowingly possessed ammunition; and

Third, that Mr. Reynold's possession of the ammunition was in or affecting interstate or foreign commerce.

### I. First Element: Conviction of a Crime Punishable by Imprisonment for a Term Exceeding One Year

The first element the Government must prove beyond a reasonable doubt is that Mr. Reynolds was convicted of a crime punishable by imprisonment for a term exceeding one year, in a court of the United States or any State, prior to December 30, 2024, the date he allegedly possessed the ammunition, and that Mr. Reynolds knew he had been convicted of the past crime.

I instruct you that the prior conviction is to be considered by you only for the fact that it exists and nothing else. You are not to consider it for any other purpose or draw any inferences from it. Mr. Reynolds is not on trial for any prior offense.

### II. Second Element: Knowing Possession of Ammunition

The second element that the Government must prove beyond a reasonable doubt is that, on or about December 30, 2024, Mr. Reynolds knowingly possessed ammunition.

The term "ammunition" means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.

To "possess" means to have something within a person's control. This does not necessarily mean that the defendant must hold it physically, that is, have actual possession of it. As long as the ammunition is within the defendant's control, he possesses it. If you find that the defendant either had actual possession of the ammunition, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the government has proven possession.

**Court Exhibit 2A**

### III. Third Element: In or Affecting Interstate Commerce

The third element that the Government must prove beyond a reasonable doubt is that the ammunition that Mr. Reynolds is charged with possessing was in or affecting interstate commerce. This element is satisfied if the ammunition had previously moved between one state and another, even if Mr. Reynolds was not involved in or aware of that fact.

## Conduct of the Jury and Outline of the Trial

This concludes our preliminary discussion of the law. I will now tell you about the conduct of the jury and the outline of the trial.

### I. INSTRUCTIONS ON NOTETAKING

Each of you has been provided a notebook and pen. You do not have to take notes, but you may if you wish. Please be sure though that any notetaking does not interfere with your listening to and considering all of the evidence. Also, if you do take notes, you must not show them to, or discuss them with, any other juror or anyone else at any time, either before or during your deliberations. Any notes you take are to be used solely to assist you, and your notes are not to substitute for your recollection of the evidence. The fact that a particular juror takes notes entitles that juror's views to no greater weight than those of any other juror. If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official transcript that is being made of these proceedings be read to you.

Ms. Molinelli, my Courtroom Deputy, will safeguard your notebooks during breaks at the end of each day and secure them. No one is permitted to review your notes. After the trial has concluded, the notebooks and your notes will be collected and destroyed. If you do plan to take notes, please write your juror number and name and initials on the cover so you will know the notebook is yours.

**Court Exhibit 2A**

## II. GENERAL INSTRUCTIONS

I should also caution you about certain rules governing your conduct as jurors.

First, do not talk to each other about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk or communicate with anyone else about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors. This prohibition on communication extends to members of your family and your friends. You may tell them that you are a juror in a case but don't tell them anything else about it until after you have been discharged by me.

No communicating about the case means absolutely no communicating about the case through social media or through any other electronic means. This includes Facebook, X, Instagram, Tiktok, Discord, Slack, and any other messaging platform. Do not communicate about it on a blog or a comment section or anywhere online. Don't talk about it via texts, instant messages, or direct messages. I am sure I am missing some, since new apps and messaging services are cropping up all the time, but to be clear, my instructions on this are meant to cover any type of communication about your involvement in this case in any format, through any means.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately through Ms. Molinelli, my Courtroom Deputy. You should not, however, discuss with your fellow jurors either that fact or any other fact that you feel is necessary to bring to the attention of the Court.

Fourth, do not converse, whether in or out of the courtroom, with any of the parties or the attorneys or any witness. By this I mean, not only do not converse about the case, but do not

converse at all, even to ask the time of day. In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you as jurors. I have instructed the lawyers and the parties that they are not to speak to you or even acknowledge you with a "hello" or "good morning" outside the courtroom. So, do not hold it against them if they ignore you or leave an area that you are in. They are simply following my instructions. The reason for this rule is simple. Someone watching from a distance might not hear what is said between an attorney and a juror, and even a pleasantry could create a misimpression.

To minimize the probability of any such improper communication, it is important that you go straight to the jury room when you come in in the morning and that you remain in the courtroom or the jury room for the duration of the trial day. You should use the bathrooms in the jury room rather than the bathrooms on this or any other floor; as you were probably told already, you may not use the cafeteria. Given that our morning and afternoon breaks will be short, it is best that you remain in the jury room if you can.

Fifth, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it. Until a verdict is released and you are discharged, you must insulate yourself from all information about this case, except what has come to you in this courtroom. That means no reading, watching, or listening to media coverage or commentary about the case or comments from your friends or loved ones. You are sealed from other information. And if anything happens that results in some exposure to some outside source, you are obligated to report it to the Court.

Sixth, do not do any research or any investigation about the case on your own. You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research

about this case, the matters in this case and the parties involved in the case. You are not to use generative AI to do research about this case, or any of the issues raised in this case. Do not visit any place you may hear described during the trial. Don't look up any of the witnesses or persons mentioned in this case online. This includes the attorneys, don't look up the attorneys' profiles or try to find information about the attorneys online. For some of you, looking up people online may be something you routinely do in your ordinary lives, but you should not do it while serving as a juror.

In other words, you should not search the Internet, websites or blogs, use AI, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information about this case from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case has ended.

I understand that I just laid out a long list of rules about what you can and cannot do during your jury service. But these rules are very important. The parties are entitled to have you personally render a verdict in this case on the basis of your independent evaluation of the evidence presented here in the courtroom. Obviously, speaking to others about this case, including your family, before you deliberate or exposing yourself to evidence outside the courtroom would compromise your service and fairness to the parties. The Court relies on you, our jurors, to follow these instructions so that we can ensure that every litigant receives due process of law.

**Court Exhibit 2A**

Finally, I expect you to inform me immediately, through my Deputy, if you become aware of another juror's violation of these instructions.

## III. OUTLINE OF TRIAL

Finally, let me tell you about the different stages of the trial.

First, the Government will make an opening statement. After that, defense counsel may, but does not have to, make an opening statement. An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, and it is offered to help you follow the evidence.

After the opening statements, the Government will present its case. The Government will call its witnesses, and after each witness testifies on direct examination, defense counsel will have the opportunity to cross examine.

Following the Government's case, the defense may present a defense case. Because of the presumption of innocence, the defense is not required to offer any proof. You may not draw any negative inference or hold it against Mr. Reynolds in any way, if the defense chooses not to put on a case. The sole issue is whether the Government has proved its case beyond a reasonable doubt.

After the evidence is completed and before the closing arguments, I will give you final instructions on the law. Then the attorneys will give their closing arguments. This is the opportunity for the lawyers to summarize the evidence or lack of evidence in light of the law.

After the closing arguments, I will give you brief final instructions, and you will retire to deliberate on your verdict. Your verdict must be unanimous.

Please do not make up your mind about what the verdict should be until the very end of the trial — after I have instructed you on the law at the end of the case and you have gone to the

jury room and you and your fellow jurors have discussed the evidence. Keep an open mind until then. The parties deserve, and the law requires, that you give them an opportunity to be fully heard.

## IV. CONDUCT OF THE TRIAL

In general, you should be in the jury room by 9:15 a.m. Please allow time to get through security. We will sit from 9:30 a.m. – 5:00 p.m. on Mondays through Thursdays until we are finished. I expect the trial will end by June 26, 2026.

There will be a one-hour lunch break around 12:30 p.m. and a 15-minute break mid-morning and mid-afternoon. No other breaks. Please plan accordingly. Please be here early if possible, and always be on time.

**COURT EXHIBIT 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

KWANE REYNOLDS,

Defendant.

25-CR-0222 (JAV)

**FINAL JURY INSTRUCTIONS**

JEANNETTE A. VARGAS, United States District Judge:

COURT EXHIBIT 3

# Table of Contents

**General Instructions .... 4**
A. Introduction to Instructions .... 4
B. Roles of the Judge and Jury .... 5
C. Role of Counsel .... 6
D. Impartiality .... 7
E. Parties Equal Before the Law .... 8
F. Presumption of Innocence and Burden of Proof .... 9
G. Reasonable Doubt .... 10
H. What Is and Is Not Evidence .... 12
I. Direct and Circumstantial Evidence .... 14
J. Credibility of Witnesses .... 16
K. Uncalled Witnesses .... 18
L. Persons Not on Trial .... 19
M. Law Enforcement Witnesses .... 20
N. Defendant's Right Not to Testify .... 21
O. Investigative Techniques Not Required .... 22
P. Use of Audio and Video Recordings .... 23
Q. Redaction of Evidentiary Items .... 24
**Substantive Instructions .... 25**
R. Summary of Indictment .... 25
S. Count One: Elements of the Offense .... 26
T. First Element: Defendant's Prior Conviction .... 27
U. Second Element: Knowing Possession of Ammunition .... 28
V. Third Element: In or Affecting Interstate or Foreign Commerce .... 30
W. Venue .... 31
X. Variance in Dates .... 32
Y. Closing Arguments .... 33
**Final Instructions .... 34**
1. Selection of Foreperson .... 34
2. Right to See Exhibits and Hear Testimony; Communications with Court .... 35
3. Notes .... 36
4. Duty to Deliberate/Unanimous Verdict .... 37
5. Return of Verdict .... 39
6. Closing Comments .... 40

7. Alternates ........................................................................................................ 41

**COURT EXHIBIT 3**

## General Instructions

### A. Introduction to Instructions

Members of the jury, you have now heard all of the evidence in this case. You are about to hear the final arguments of the parties. Then, you will undertake your final and most important function as jurors. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in this case.

Listening to these instructions may not be easy. It is important, however, that you listen carefully and concentrate. I ask you for patient cooperation and attention. As you can see, I'm reading these instructions from a prepared text. There is a reason for that. These words are very carefully chosen. These are the instructions that will guide you in your deliberations, so it's critical that I use exactly the right words.

### B. Roles of the Judge and Jury

It has been my duty to preside over the trial and to decide what testimony and evidence were relevant, under the law, for you to consider. My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them.

You, as jurors, are bound to accept my instructions on the law even if you feel that the law should be different from what I say it is. It would violate your sworn duty to base a verdict upon any view of the law other than that which I give you.

If anyone has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should not single out any one instruction or any one word or phrase in an instruction as alone stating the law, but you should consider the instructions as a whole.

As members of the jury, you are the sole and exclusive judges of the facts. What does this mean? It means you, the jurors, determine the weight to be given to the evidence. You draw whatever reasonable inferences you decide to draw from the evidence or lack of evidence. You appraise the credibility of the witnesses. You resolve such conflicts as there may be in the testimony.

Because you are the sole and exclusive arbiters of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. You should not infer from anything I have said or done during the trial that I have any views on what your decision should be. I have no opinion as to the facts or the verdict that you should render in this case.

### C. Role of Counsel

I told you at the beginning of this trial that it is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Therefore, you should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection, or any statement I may have made to counsel. That is all just part of the orderly course of trial management.

From time to time, the lawyers and I had conferences out of your hearing called sidebars. These conferences involved procedural and other legal matters, and they should not enter into your deliberations at all.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

## D. Impartiality

You are to perform your duty of finding the facts without bias, prejudice, or sympathy as to any party. You are not to be swayed by rhetoric or emotional appeals. Your verdict must be based solely upon the evidence developed at trial or the lack of evidence and the Court's instructions on the law.

In deciding the facts of the case, it would be improper for you to consider any personal feelings you may have about any party or any witness or any other such irrelevant factor. Likewise, it would be improper for you to consider any personal feelings—positive or negative—you may have about the defendant's or a witness's race, religion, national origin, sex, or age. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Under your oath as jurors, you cannot allow consideration of possible punishment that may be imposed upon the defendant, if convicted, to influence you or enter into your deliberations. The duty of imposing sentence is mine and mine alone. Your function is to weigh the evidence and to determine whether the defendant is or is not guilty on the charge based on the evidence and the law.

Similarly, under your oath as jurors, you are not to be swayed by sympathy. Once you let fear, prejudice, bias, or sympathy interfere with your thinking, there is a risk that you will not arrive at a just and true verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

**COURT EXHIBIT 3**

**E. Parties Equal Before the Law**

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater and no lesser consideration than that accorded to any other party to a litigation. All parties, whether the government or an individual, stand as equals under the law.

## F. Presumption of Innocence and Burden of Proof

Now I will instruct you on the presumption of innocence. The law presumes the defendant to be innocent of the charge against him. In this case, Kwane Reynolds has pleaded not guilty. In so doing, he has denied the charges in the Indictment. Thus, the government has the burden of proving his guilt beyond a reasonable doubt.

This burden never shifts to the defendant. In other words, the defendant does not have to prove his innocence. He is presumed to be innocent of the charge contained in the Indictment. The defendant thus began the trial here with a clean slate. The presumption of innocence was in his favor when the trial began, continued in his favor throughout the entire trial, remains with him even as I speak to you now, and persists in his favor during the course of your deliberations in the jury room.

The presumption of innocence alone is sufficient to require an acquittal of the defendant unless and until, after careful and impartial consideration of all the evidence, you, as jurors, are convinced unanimously of the defendant's guilt beyond a reasonable doubt.

## G. Reasonable Doubt

Now, the question naturally arises: what, exactly, is a reasonable doubt? The words almost define themselves. A reasonable doubt is a doubt that a reasonable person has after carefully weighing all the evidence. It is a doubt founded in reason and arising out of the evidence in the case, the conflict in evidence, or the lack of evidence. Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, or your common sense. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

I must emphasize that "beyond a reasonable doubt" does not mean beyond all possible doubt. It is practically impossible for a person to be absolutely and completely convinced of any disputed fact that, by its very nature, cannot be proved with mathematical certainty. In the criminal law, guilt must be established beyond a reasonable doubt, not all possible doubt.

The burden of proof never shifts to the defendant. The law never imposes upon a defendant in a criminal case the burden of calling any witnesses or producing any evidence. The fact that one party called more witnesses and introduced more evidence does not mean that you should find in favor of that party. It is the quality of evidence that matters.

That said, the government is not required to prove each element of the offense by any particular number of witnesses. The testimony of a single witness may be enough to convince you beyond a reasonable doubt of the existence of the elements of the charged offense—if you believe that the witness has testified truthfully and accurately related what the witness has told you.

If, after a fair and impartial consideration of all the evidence (or the lack of evidence), you have an abiding belief of the guilt of the defendant you are considering beyond a reasonable doubt—a belief that you would be willing to act upon without hesitation in the most important matters in the personal affairs of your own life—then it is your sworn duty to convict that defendant.

On the other hand, if after a fair and impartial consideration of all the evidence (or the lack of evidence), you are not satisfied of the guilt of the defendant with respect to the charge in the Indictment; if you do not have an abiding conviction of the defendant's guilt; in sum, if you have such a doubt as would cause you, as prudent persons, to hesitate before acting in matters of the most importance to yourselves—then you have a reasonable doubt, and in that circumstance it is your sworn duty to return a verdict of not guilty as to the defendant.

## H. What Is and Is Not Evidence

Let me now explain what is and what is not evidence in this case. I will start with what is evidence. Evidence comes in several forms. The sworn testimony of a witness is evidence. This is true of their answers on both direct and cross examination.

The exhibits that were admitted during the trial are evidence.

The stipulations that all parties agreed to and were read during the trial are evidence. You must accept as true the facts to which the parties stipulated. Some of the stipulations were about what a witness would have said if he or she had been called to testify. You must accept as true the fact that the witness would have given that testimony, but it is up to you to determine the weight or importance of that testimony.

Now let me turn to what is not evidence. The questions of a lawyer are not evidence. It is only the witness's answer that is evidence.

Anything that I have said about the evidence is not evidence.

During the trial, I have been called upon to make various rulings. There may have been objections, or motions may have been made to strike answers. Testimony that has been stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict. If I have instructed you that evidence is received for only a limited purpose, then it may be considered only for that limited purpose.

Anything you have heard outside this courtroom is not evidence.

Exhibits that have been marked for identification or have been identified as demonstrative aids are not evidence, unless they have been admitted into evidence by the Court. Materials used only to refresh a witness's recollection also are not evidence.

Arguments by lawyers are not evidence because the lawyers are not witnesses. What the lawyers have said to you in their opening statements and in their summations is intended to help you understand the evidence. If your recollection of the facts differs from the statements made by attorneys in their arguments, then it is your recollection that controls.

**COURT EXHIBIT 3**

## I. Direct and Circumstantial Evidence

There are two types of evidence that you may use in reaching your verdict—direct evidence and circumstantial evidence. Direct evidence is when a witness testifies about something the witness knows by virtue of his or her own senses—something the witness has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit admitted into evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day. Assume that the courtroom windows were covered and you could not look outside. Then, as you were sitting here, someone walked in with an umbrella that was dripping wet. A few minutes later, another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining, so you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer from one or more established facts, on the basis of reason, experience, and common sense, the existence or non-existence of some other fact. An inference is not a speculation, suspicion, or guess. An inference is a reasoned, logical deduction or conclusion that you, the jury, are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence.

**COURT EXHIBIT 3**

There are times when different inferences may be drawn from the same proven facts. One side asks you to draw one set of inferences, while the other side asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

**COURT EXHIBIT 3**

## J. Credibility of Witnesses

You have had the opportunity to listen to and observe all of the witnesses. It is now your job to decide how believable you find each witness's testimony to be. How do you determine where the truth lies? You should use all of the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.

One thing you should consider is any bias, hostility, or affection that a witness may have shown for or against the defendant. You should also consider any other interest or motive that the witness may have.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. If you find that a witness is biased, then you should view the witness's testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Keep in mind, though, that it does not automatically follow that an interested witness has not told the truth. There are many people who, no matter how strong their interest in the outcome of the case, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's biases or interest have affected his or her testimony.

In deciding whether or not a witness was truthful, you may ask yourself: how did the witness appear? Was the witness candid, frank, and forthright or did the witness seem evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness have the opportunity to observe the facts he or she testified about?

In other words, what you must try to do in deciding credibility is to size a witness up in light of the witness's demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

If you find that any witness has willfully testified falsely to any important matter, then the law permits you to disregard the entire testimony of that witness based upon the principle that someone who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of the witness's testimony as you deem true and disregard what you feel is false.

While it is quite legitimate for an attorney to try to attack the credibility of a witness, as the sole arbiters of the facts, you must decide for yourselves which witnesses you will believe, what portion of their testimony you will accept, and what weight you will give to that testimony.

Also, the fact that I may have commented during the course of the trial does not indicate any feeling of mine about the facts or the credibility of any witness. I have no such feelings, and my comments were intended only to clarify the issue at hand. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness because of any comment, question, or instruction of mine. It is for you alone to decide the credibility of the witnesses and the weight, if any, to be given to the testimony you have heard.

## K. Uncalled Witnesses

There are several persons whose names you have heard during the course of the trial who did not testify. Each party had the power to subpoena witnesses to testify on their behalf. You should not draw any inferences or reach any conclusions as to what such witnesses would have said had they been called.

### L. Persons Not on Trial

Some of the people who may have been involved in the events at issue in this trial are not on trial. You may not draw any inference from the fact that persons other than the defendant were not a defendant in this trial. Nor may you speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

## M. Law Enforcement Witnesses

You have heard testimony of law enforcement officers. The fact that a witness is employed by a government does not mean that the witness's testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of any other witness. It is your decision, after reviewing all the evidence, whether to accept or reject the testimony of the witness and to give to that testimony whatever weight you find it deserves.

### N. Defendant's Right Not to Testify

Mr. Reynolds did not testify. That is his right. Under our Constitution, a defendant is presumed innocent and has no obligation to testify or to present any other evidence because, as I have told you, it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains on the Government throughout the entire trial and never shifts to the defendant. You may not attach any significance to the fact that the defendant did not testify. You may not draw any adverse inference against him because he did not take the witness stand. A defendant is never required to prove that he is innocent.

## O. Investigative Techniques Not Required

All of the evidence that was admitted at trial was lawfully collected and may be considered by you. The government's investigation, what it did and what it did not do, is not at issue. There is no legal requirement that the Government prove its case through any particular means. Law enforcement officers have no duty to employ in the course of an investigation all of the many tools at their disposal, and the failure to use any particular technique or techniques does not tend, in and of itself, to show that a defendant is not guilty of a crime with which he is charged. Your concern is whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

**P. Use of Audio and Video Recordings**

Audio and video recordings have been admitted into evidence. Whether you approve or disapprove of the recording of the activity may not enter your deliberations. I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, the Government's use of this evidence is entirely lawful, and they were properly admitted into evidence at this trial. You must, therefore, regardless of any personal opinions about this type of evidence, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

**Q. Redaction of Evidentiary Items**

Among the exhibits received in evidence, there are some documents that are redacted. "Redacted" means that part of the document or recording was taken out. Material may be redacted for any number of reasons. You are to concern yourself only with the part of the item that has been admitted into evidence. You may not speculate on the contents of the redacted portion or why any certain matter was redacted.

**COURT EXHIBIT 3**

## Substantive Instructions

### R. Summary of Indictment

The defendant, Kwane Reynolds, has been formally charged in what is called an indictment. An indictment is simply an accusation. It is no more than the means by which a criminal case is started. It is not evidence. It is not proof of a defendant's guilt. It creates no presumption, and it permits no inference that a defendant is guilty. You are to give no weight to the fact that an indictment has been returned against the defendant.

Before you begin your deliberations, you will be provided with a copy of the indictment. I will first summarize the offenses charged and then explain in detail the elements of the charged offenses.

There is one count, or "charge."

Count One charges the defendant with knowingly possessing ammunition on or about December 30, 2024, while knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year.

## S. Count One: Elements of the Offense

The federal law prohibiting a person who has been convicted of a crime punishable by more than one year of imprisonment from possessing ammunition is Section 922(g)(1) of Title 18 of the United States Code. That law states:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any . . . ammunition.

In order to sustain its burden of proof, the Government must prove each of the following three elements beyond a reasonable doubt:

First, that the defendant knew he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year in a court of the United States or any state prior to the date he allegedly possessed the ammunition, that is, prior to on or about December 30, 2024;

Second, that on or about December 30, 2024, the defendant knowingly possessed ammunition; and

Third, that the defendant's possession of the ammunition was in or affecting interstate or foreign commerce.

## T. First Element: Defendant's Prior Conviction

The first element that the Government must prove beyond a reasonable doubt is that the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in a court of the United States or any state, prior to the date he allegedly possessed the ammunition, and that the defendant knew that he had been convicted of such a crime.

To satisfy the first element, you must find beyond a reasonable doubt that the defendant was, in fact, convicted of such a crime and that the conviction was prior to the alleged possession of the ammunition as charged in the Indictment. The Government also must prove that the defendant knew that his prior conviction was punishable by a term of imprisonment for a term exceeding one year.

I instruct you that the prior conviction that is an element of the offense is to be considered by you only for the fact that it exists and nothing else. You are not to speculate as to what it was for. You are not to consider it for any other purpose or draw any inferences from it. You may not consider the prior conviction in deciding whether Mr. Reynolds knowingly possessed ammunition on or around December 30, 2024, as charged in the Indictment.

Mr. Reynolds is not on trial for any prior offense.

In this regard, you have heard evidence in the form of a stipulation, or agreement by both sides, that the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and that he knew he had been convicted of such a crime. The parties have also agreed in this stipulation that this conviction occurred prior to the time that the defendant is alleged to have possessed the ammunition as charged in the Indictment.

**COURT EXHIBIT 3**

**U. Second Element: Knowing Possession of Ammunition**

The second element that the Government must prove beyond a reasonable doubt is that, on or about December 30, 2024, Mr. Reynolds knowingly possessed ammunition.

<u>"Ammunition" Defined</u>

The term "ammunition" includes ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.

<u>"Possession" Defined</u>

The legal concept of "possession" may differ from the everyday usage of the term, so let me explain it in some detail. To "possess" means to have something within a person's control. Possession can include having physical custody or control of an object. But it can also include the ability and intent to exercise substantial control over an object that is not in an individual's physical custody. Let me give you an example. You possess the things that are in your home even though, sitting here in court, you are not holding those possessions. If an individual has the ability to exercise substantial control over an object, and that person has the intent to exercise such control, then he is in legal possession of that article. But if an individual does not have the ability or intent to exercise substantial control over that object, then he is not in possession.

Proof of ownership is not required to establish possession.

<u>"Knowingly" Defined</u>

Under this second element, you must also find that Mr. Reynolds "knowingly" possessed the ammunition. This means that the defendant possessed the ammunition purposely and voluntarily, and not by accident or mistake. It also means that he knew that the ammunition was ammunition as we commonly use that word.

The Government is not required to prove that the defendant knew he was breaking the

law. It is sufficient if the defendant possessed the ammunition purposefully and voluntarily, as opposed to by accident or mistake. The length of time of the possession—or the reasons why an item was possessed—are not relevant.

**COURT EXHIBIT 3**

## V. Third Element: In or Affecting Interstate or Foreign Commerce

The third element that the Government must prove beyond a reasonable doubt is that the ammunition that Mr. Reynolds is charged with possessing was in or affecting interstate or foreign commerce.

This means that the Government must prove that at some time before Mr. Reynold's possession of the ammunition, that ammunition had traveled in interstate or foreign commerce. The term "commerce" means simply either movement between one state and another or movement between the United States and a foreign country.

In this regard, I instruct you that it is sufficient for the government to satisfy this element by proving that at some point before the defendant's possession, the ammunition moved over a state line or across the United States border. For example, if the ammunition came from another state to New York, then it was transported or shipped in interstate commerce.

The Government does not have to prove that the defendant himself carried the ammunition across a state line or the United States border, nor must the Government prove who carried it across or how it was transported. It is also not necessary for the Government to prove that the defendant knew that the ammunition had previously crossed a state or national border.

In this regard, you have heard evidence in the form of a stipulation between the parties that the ammunition the defendant is charged with possessing was not manufactured in New York state.

## W. Venue

In addition to dealing with the elements of Count One, you must also consider the issue of venue—namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York. The Southern District of New York encompasses Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties, so anything that occurs within those counties occurs in the Southern District of New York.

I note that on this issue, and this issue alone, the Government need not offer proof beyond a reasonable doubt and it is sufficient if the Government proves venue by a mere preponderance of the evidence. Proof by a preponderance of the evidence means that the fact is more likely than not true. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime you are considering occurred within the Southern District of New York. So, for example, the defendant's presence in this District at the time he committed the charged crime is sufficient to establish venue.

## X. Variance in Dates

You will note that the Indictment alleges that certain acts occurred on or about various dates. It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date. The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

### Y. Closing Arguments

With these instructions in mind, you will now hear from the lawyers, who will give their closing arguments. I remind you that arguments by lawyers are not evidence because the lawyers are not witnesses. However, what they say to you in their closing arguments is intended to help you understand the evidence and to reach your verdict. Please pay careful attention to their arguments.

## Final Instructions

### 1. Selection of Foreperson

You are about to go into the jury room and begin your deliberations. When you retire, you should elect one member of the jury as your foreperson. The foreperson does not have any more power or authority than any other juror, and his or her vote or opinion does not count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the Court. He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the Marshal that the jury has reached a verdict, and he or she will then come into open court and give the verdict.

### 2. Right to See Exhibits and Hear Testimony; Communications with Court

We will send into the jury room all of the exhibits except [ANY EXCEPTIONS]. Those additional exhibits will be made available on request, and all of the other exhibits will be loaded onto the computer that is available to you in the jury room. If you have any difficulty operating the computer or finding what you want to see, please send me a note and I will send someone in to help.

If you want any further explanation of the law or if you want to hear any testimony read back, you may request that. If you ask for any testimony to be re-read, please be as specific as possible so that we can identify exactly what you want read and not waste time reading testimony that you do not want to hear. If there is any doubt or question about the meaning of any part of the instructions that I have given you, you should not hesitate to send me a note asking for clarification or for further explanation.

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching on this case. There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me, you should send me a written note signed by your foreperson, by giving it to the Marshal, who will be available outside the jury room throughout your deliberations. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will never communicate with a member of the jury on any subject touching on the merits of the case other than in writing or orally here in open court. If you send any notes to the Court, do not disclose anything about your deliberations. Specifically, do not disclose to anyone — not even to me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

## 3. Notes

Some of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory. Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. All jurors' recollections are equal. Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter read back the transcript, because it is the court record that the jury must rely on when making a determination of the facts and rendering a verdict.

## 4. Duty to Deliberate/Unanimous Verdict

In a few minutes, you will head into the jury room to begin your deliberations. Your function is to weigh the evidence in this case and to determine whether the Government has proven the guilt of the defendant with respect to each count charged in the Indictment.

Your verdict must be unanimous. This means that each and every one of you must agree upon your verdict. Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors. This is the very essence of jury deliberation. It is your duty to consult with one another and to deliberate with a view to reaching an agreement. So please listen to the opinions of your fellow jurors and ask for an opportunity to express your own views. Every juror should be heard.

If, after listening to your fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view. On the other hand, do not surrender your honest convictions and beliefs solely because of the opinions of your fellow jurors or because you are outnumbered. You should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the case.

Finally, I say this not because I think it is necessary but because it is the custom in this courthouse: you should treat each other with courtesy and respect during your deliberation.

When you are deliberating, all twelve jurors must be present in the jury room. If a juror is absent, you must stop deliberations. Four or five or ten jurors together are only a gathering of individuals. Only when all jurors are present do you constitute a jury and only then may you deliberate.

**COURT EXHIBIT 3**

If you are divided, do not report how the vote stands. Simply state that you are divided. If you have reached a verdict, do not report what it is until you are asked in open court. Simply inform me that you have reached a verdict.

### 5. Return of Verdict

I have prepared a verdict form for you to use in recording your decisions. After you have reached a unanimous verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict that is announced in Court. Once your verdict is announced in open court and officially recorded, it cannot ordinarily be revoked.

## 6. Closing Comments

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact.

I remind you that at the very beginning of this case you took an oath. Your oath sums up your duty. You must render judgment impartially and fairly, without prejudice or sympathy, solely upon the evidence in the case and the applicable law.

I know you will try the issues that have been presented to you according to that oath. And as you do so, remember that all litigants stand equal in this room. All litigants stand equal before the bar of justice. All litigants stand equal before you.

Members of the jury, that concludes my instructions to you. You may stand and stretch while I confer with the attorneys to see if there are any additional instructions that they would like to have me give to you or anything I may not have covered in my previous statement. I ask you not to discuss the case because the case has not yet been formally submitted to you.

**7. Alternates**

Before you retire into the jury room I must inform you that the law provides for a jury of twelve people in this case. Therefore, two people—jurors 13 and 14—are alternates. Jurors 13 and 14 will be allowed to leave the courthouse during deliberations, but you are not yet excused as jurors in this case. In the event that one of the non-alternate jurors can no longer deliberate, you will be recalled to continue your service, so I am releasing you for now but I am not excusing you from jury service yet. For now, though, you may leave. You have been very attentive and very patient. I am sorry that you may miss the experience of deliberating with the jury, but the law provides for a jury of twelve people in this case. Before the rest of the jury retires to the jury room, if you have any clothing or objects there you are asked to pick them up and to withdraw before any deliberations start.

Please do not discuss the case with anyone over the next few days. If you would like to be advised of the outcome of the trial, please make sure that Ms. Molinelli has a phone number at which you can be contacted.

(Alternates released).

* * * * *

Members of the jury, you may now retire to deliberate.

(Marshal sworn.)

**COURT EXHIBIT 3A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

KWANE REYNOLDS,

Defendant.

25-CR-0222 (JAV)

**FINAL JURY INSTRUCTIONS**

JEANNETTE A. VARGAS, United States District Judge:

**COURT EXHIBIT 3A**

## Table of Contents

**General Instructions .......... 4**
A. Introduction to Instructions .......... 4
B. Roles of the Judge and Jury .......... 5
C. Role of Counsel .......... 6
D. Impartiality .......... 7
E. Parties Equal Before the Law .......... 8
F. Presumption of Innocence and Burden of Proof .......... 9
G. Reasonable Doubt .......... 10
H. What Is and Is Not Evidence .......... 12
I. Direct and Circumstantial Evidence .......... 14
J. Credibility of Witnesses .......... 16
K. Uncalled Witnesses .......... 18
L. Persons Not on Trial .......... 19
M. Law Enforcement Witnesses .......... 20
N. Defendant's Right Not to Testify .......... 21
O. Investigative Techniques Not Required .......... 22
P. Use of Audio and Video Recordings .......... 23
Q. Redaction of Evidentiary Items .......... 24
**Substantive Instructions .......... 25**
R. Summary of Indictment .......... 25
S. Count One: Elements of the Offense .......... 26
T. First Element: Defendant's Prior Conviction .......... 27
U. Second Element: Knowing Possession of Ammunition .......... 28
V. Third Element: In or Affecting Interstate or Foreign Commerce .......... 30
W. Venue .......... 31
X. Motive .......... 32
Y. Variance in Dates .......... 33
Z. Closing Arguments .......... 34
**Final Instructions .......... 35**
1. Selection of Foreperson .......... 35
2. Right to See Exhibits and Hear Testimony; Communications with Court .......... 36
3. Notes .......... 37
4. Duty to Deliberate/Unanimous Verdict .......... 38
5. Return of Verdict .......... 40

6. Closing Comments .......... 41

7. Alternates .......... 42

## General Instructions

### A. Introduction to Instructions

Members of the jury, you have now heard all of the evidence in this case. You are about to hear the final arguments of the parties. Then, you will undertake your final and most important function as jurors. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in this case.

Listening to these instructions may not be easy. It is important, however, that you listen carefully and concentrate. I ask you for patient cooperation and attention. As you can see, I'm reading these instructions from a prepared text. There is a reason for that. These words are very carefully chosen. These are the instructions that will guide you in your deliberations, so it's critical that I use exactly the right words.

**COURT EXHIBIT 3A**

## B. Roles of the Judge and Jury

It has been my duty to preside over the trial and to decide what testimony and evidence were relevant, under the law, for you to consider. My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them.

You, as jurors, are bound to accept my instructions on the law even if you feel that the law should be different from what I say it is. It would violate your sworn duty to base a verdict upon any view of the law other than that which I give you.

If anyone has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should not single out any one instruction or any one word or phrase in an instruction as alone stating the law, but you should consider the instructions as a whole.

As members of the jury, you are the sole and exclusive judges of the facts. What does this mean? It means you, the jurors, determine the weight to be given to the evidence. You draw whatever reasonable inferences you decide to draw from the evidence or lack of evidence. You appraise the credibility of the witnesses. You resolve such conflicts as there may be in the testimony.

Because you are the sole and exclusive arbiters of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. You should not infer from anything I have said or done during the trial that I have any views on what your decision should be. I have no opinion as to the facts or the verdict that you should render in this case.

## C. Role of Counsel

I told you at the beginning of this trial that it is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Therefore, you should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection, or any statement I may have made to counsel. That is all just part of the orderly course of trial management.

From time to time, the lawyers and I had conferences out of your hearing called sidebars. These conferences involved procedural and other legal matters, and they should not enter into your deliberations at all.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

**D. Impartiality**

You are to perform your duty of finding the facts without bias, prejudice, or sympathy as to any party. You are not to be swayed by rhetoric or emotional appeals. Your verdict must be based solely upon the evidence developed at trial or the lack of evidence and the Court's instructions on the law.

In deciding the facts of the case, it would be improper for you to consider any personal feelings you may have about any party or any witness or any other such irrelevant factor. Likewise, it would be improper for you to consider any personal feelings—positive or negative—you may have about the defendant's or a witness's race, religion, national origin, sex, or age. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Under your oath as jurors, you cannot allow consideration of possible punishment that may be imposed upon the defendant, if convicted, to influence you or enter into your deliberations. The duty of imposing sentence is mine and mine alone. Your function is to weigh the evidence and to determine whether the defendant is or is not guilty on the charge based on the evidence and the law.

Similarly, under your oath as jurors, you are not to be swayed by sympathy. Once you let fear, prejudice, bias, or sympathy interfere with your thinking, there is a risk that you will not arrive at a just and true verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

## E. Parties Equal Before the Law

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater and no lesser consideration than that accorded to any other party to a litigation. All parties, whether the government or an individual, stand as equals under the law.

### F. Presumption of Innocence and Burden of Proof

Now I will instruct you on the presumption of innocence. The law presumes the defendant to be innocent of the charge against him. In this case, Kwane Reynolds has pleaded not guilty. In so doing, he has denied the charges in the Indictment. Thus, the government has the burden of proving his guilt beyond a reasonable doubt.

This burden never shifts to the defendant. In other words, the defendant does not have to prove his innocence. He is presumed to be innocent of the charge contained in the Indictment. The defendant thus began the trial here with a clean slate. The presumption of innocence was in his favor when the trial began, continued in his favor throughout the entire trial, remains with him even as I speak to you now, and persists in his favor during the course of your deliberations in the jury room.

The presumption of innocence alone is sufficient to require an acquittal of the defendant unless and until, after careful and impartial consideration of all the evidence, you, as jurors, are convinced unanimously of the defendant's guilt beyond a reasonable doubt.

## G. Reasonable Doubt

Now, the question naturally arises: what, exactly, is a reasonable doubt? The words almost define themselves. A reasonable doubt is a doubt that a reasonable person has after carefully weighing all the evidence. It is a doubt founded in reason and arising out of the evidence in the case, the conflict in evidence, or the lack of evidence. Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, or your common sense. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

I must emphasize that "beyond a reasonable doubt" does not mean beyond all possible doubt. It is practically impossible for a person to be absolutely and completely convinced of any disputed fact that, by its very nature, cannot be proved with mathematical certainty. In the criminal law, guilt must be established beyond a reasonable doubt, not all possible doubt.

The burden of proof never shifts to the defendant. The law never imposes upon a defendant in a criminal case the burden of calling any witnesses or producing any evidence. The fact that one party called more witnesses and introduced more evidence does not mean that you should find in favor of that party. It is the quality of evidence that matters.

That said, the government is not required to prove each element of the offense by any particular number of witnesses. The testimony of a single witness may be enough to convince you beyond a reasonable doubt of the existence of the elements of the charged offense—if you believe that the witness has testified truthfully and accurately related what the witness has told you.

If, after a fair and impartial consideration of all the evidence (or the lack of evidence), you have an abiding belief of the guilt of the defendant you are considering beyond a reasonable doubt—a belief that you would be willing to act upon without hesitation in the most important matters in the personal affairs of your own life—then it is your sworn duty to convict that defendant.

On the other hand, if after a fair and impartial consideration of all the evidence (or the lack of evidence), you are not satisfied of the guilt of the defendant with respect to the charge in the Indictment; if you do not have an abiding conviction of the defendant's guilt; in sum, if you have such a doubt as would cause you, as prudent persons, to hesitate before acting in matters of the most importance to yourselves—then you have a reasonable doubt, and in that circumstance it is your sworn duty to return a verdict of not guilty as to the defendant.

## H. What Is and Is Not Evidence

Let me now explain what is and what is not evidence in this case. I will start with what is evidence. Evidence comes in several forms. The sworn testimony of a witness is evidence. This is true of their answers on both direct and cross examination.

The exhibits that were admitted during the trial are evidence.

The stipulations that all parties agreed to and were read during the trial are evidence. You must accept as true the facts to which the parties stipulated. Some of the stipulations were about what a witness would have said if he or she had been called to testify. You must accept as true the fact that the witness would have given that testimony, but it is up to you to determine the weight or importance of that testimony.

Now let me turn to what is not evidence. The questions of a lawyer are not evidence. It is only the witness's answer that is evidence.

Anything that I have said about the evidence is not evidence.

During the trial, I have been called upon to make various rulings. There may have been objections, or motions may have been made to strike answers. Testimony that has been stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict. If I have instructed you that evidence is received for only a limited purpose, then it may be considered only for that limited purpose.

Anything you have heard outside this courtroom is not evidence.

Exhibits that have been marked for identification or have been identified as demonstrative aids are not evidence, unless they have been admitted into evidence by the Court. Materials used only to refresh a witness's recollection also are not evidence.

Arguments by lawyers are not evidence because the lawyers are not witnesses. What the lawyers have said to you in their opening statements and in their summations is intended to help you understand the evidence. If your recollection of the facts differs from the statements made by attorneys in their arguments, then it is your recollection that controls.

## I. Direct and Circumstantial Evidence

There are two types of evidence that you may use in reaching your verdict—direct evidence and circumstantial evidence. Direct evidence is when a witness testifies about something the witness knows by virtue of his or her own senses—something the witness has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit admitted into evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day. Assume that the courtroom windows were covered and you could not look outside. Then, as you were sitting here, someone walked in with an umbrella that was dripping wet. A few minutes later, another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining, so you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer from one or more established facts, on the basis of reason, experience, and common sense, the existence or non-existence of some other fact. An inference is not a speculation, suspicion, or guess. An inference is a reasoned, logical deduction or conclusion that you, the jury, are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence.

There are times when different inferences may be drawn from the same proven facts. One side asks you to draw one set of inferences, while the other side asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

### J. Credibility of Witnesses

You have had the opportunity to listen to and observe all of the witnesses. It is now your job to decide how believable you find each witness's testimony to be. How do you determine where the truth lies? You should use all of the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.

One thing you should consider is any bias, hostility, or affection that a witness may have shown for or against the defendant. You should also consider any other interest or motive that the witness may have.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. If you find that a witness is biased, then you should view the witness's testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Keep in mind, though, that it does not automatically follow that an interested witness has not told the truth. There are many people who, no matter how strong their interest in the outcome of the case, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's biases or interest have affected his or her testimony.

In deciding whether or not a witness was truthful, you may ask yourself: how did the witness appear? Was the witness candid, frank, and forthright or did the witness seem evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness have the opportunity to observe the facts he or she testified about?

In other words, what you must try to do in deciding credibility is to size a witness up in light of the witness's demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

If you find that any witness has willfully testified falsely to any important matter, then the law permits you to disregard the entire testimony of that witness based upon the principle that someone who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of the witness's testimony as you deem true and disregard what you feel is false.

While it is quite legitimate for an attorney to try to attack the credibility of a witness, as the sole arbiters of the facts, you must decide for yourselves which witnesses you will believe, what portion of their testimony you will accept, and what weight you will give to that testimony.

Also, the fact that I may have commented during the course of the trial does not indicate any feeling of mine about the facts or the credibility of any witness. I have no such feelings, and my comments were intended only to clarify the issue at hand. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness because of any comment, question, or instruction of mine. It is for you alone to decide the credibility of the witnesses and the weight, if any, to be given to the testimony you have heard.

**K. Uncalled Witnesses**

There are several persons whose names you have heard during the course of the trial who did not testify. Each party had the power to subpoena witnesses to testify on their behalf. You should not draw any inferences or reach any conclusions as to what such witnesses would have said had they been called.

## L. Persons Not on Trial

Some of the people who may have been involved in the events at issue in this trial are not on trial. You may not draw any inference from the fact that persons other than the defendant were not a defendant in this trial. Nor may you speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

## M. Law Enforcement Witnesses

You have heard testimony of law enforcement officers. The fact that a witness is employed by a government does not mean that the witness's testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of any other witness. It is your decision, after reviewing all the evidence, whether to accept or reject the testimony of the witness and to give to that testimony whatever weight you find it deserves.

**COURT EXHIBIT 3A**

**N. Defendant's Right Not to Testify**

Mr. Reynolds did not testify. That is his right. Under our Constitution, a defendant is presumed innocent and has no obligation to testify or to present any other evidence because, as I have told you, it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains on the Government throughout the entire trial and never shifts to the defendant. You may not attach any significance to the fact that the defendant did not testify. You may not draw any adverse inference against him because he did not take the witness stand. A defendant is never required to prove that he is innocent.

## O. Investigative Techniques Not Required

All of the evidence that was admitted at trial was lawfully collected and may be considered by you. The government's investigation, what it did and what it did not do, is not at issue. There is no legal requirement that the Government prove its case through any particular means. Law enforcement officers have no duty to employ in the course of an investigation all of the many tools at their disposal, and the failure to use any particular technique or techniques does not tend, in and of itself, to show that a defendant is not guilty of a crime with which he is charged. Your concern is whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

### P. Use of Audio and Video Recordings

Audio and video recordings have been admitted into evidence. Whether you approve or disapprove of the recording of the activity may not enter your deliberations. I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, the Government's use of this evidence is entirely lawful, and they were properly admitted into evidence at this trial. You must, therefore, regardless of any personal opinions about this type of evidence, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

## Q. Redaction of Evidentiary Items

Among the exhibits received in evidence, there are some documents that are redacted. "Redacted" means that part of the document or recording was taken out. Material may be redacted for any number of reasons. You are to concern yourself only with the part of the item that has been admitted into evidence. You may not speculate on the contents of the redacted portion or why any certain matter was redacted.

**COURT EXHIBIT 3A**

**Substantive Instructions**

**R. Summary of Indictment**

The defendant, Kwane Reynolds, has been formally charged in what is called an indictment. An indictment is simply an accusation. It is no more than the means by which a criminal case is started. It is not evidence. It is not proof of a defendant's guilt. It creates no presumption, and it permits no inference that a defendant is guilty. You are to give no weight to the fact that an indictment has been returned against the defendant.

Before you begin your deliberations, you will be provided with a copy of the indictment. I will first summarize the offenses charged and then explain in detail the elements of the charged offenses.

There is one count, or "charge."

Count One charges the defendant with knowingly possessing ammunition on or about December 30, 2024, while knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year.

## S. Count One: Elements of the Offense

The federal law prohibiting a person who has been convicted of a crime punishable by more than one year of imprisonment from possessing ammunition is Section 922(g)(1) of Title 18 of the United States Code. That law states:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any . . . ammunition.

In order to sustain its burden of proof, the Government must prove each of the following three elements beyond a reasonable doubt:

First, that the defendant knew he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year in a court of the United States or any state prior to the date he allegedly possessed the ammunition, that is, prior to on or about December 30, 2024;

Second, that on or about December 30, 2024, the defendant knowingly possessed ammunition; and

Third, that the defendant's possession of the ammunition was in or affecting interstate or foreign commerce.

## T. First Element: Defendant's Prior Conviction

The first element that the Government must prove beyond a reasonable doubt is that the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in a court of the United States or any state, prior to the date he allegedly possessed the ammunition, and that the defendant knew that he had been convicted of such a crime.

To satisfy the first element, you must find beyond a reasonable doubt that the defendant was, in fact, convicted of such a crime and that the conviction was prior to the alleged possession of the ammunition as charged in the Indictment. The Government also must prove that the defendant knew that his prior conviction was punishable by a term of imprisonment for a term exceeding one year.

I instruct you that the prior conviction that is an element of the offense is to be considered by you only for the fact that it exists and nothing else. You are not to speculate as to what it was for. You are not to consider it for any other purpose or draw any inferences from it. You may not consider the prior conviction in deciding whether Mr. Reynolds knowingly possessed ammunition on or around December 30, 2024.

Mr. Reynolds is not on trial for any prior offense.

In this regard, you have heard evidence in the form of a stipulation, or agreement by both sides, that the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and that he knew he had been convicted of such a crime. The parties have also agreed in this stipulation that this conviction occurred prior to the time that the defendant is alleged to have possessed the ammunition as charged in the Indictment.

### U. Second Element: Knowing Possession of Ammunition

The second element that the Government must prove beyond a reasonable doubt is that, on or about December 30, 2024, Mr. Reynolds knowingly possessed ammunition.

“Ammunition” Defined

The term “ammunition” includes ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.

“Possession” Defined

The legal concept of “possession” may differ from the everyday usage of the term, so let me explain it in some detail. To “possess” means to have something within a person’s control. Possession can include having physical custody or control of an object. But it can also include the ability and intent to exercise substantial control over an object that is not in an individual’s physical custody. Let me give you an example. You possess the things that are in your home even though, sitting here in court, you are not holding those possessions. If an individual has the ability to exercise substantial control over an object, and that person has the intent to exercise such control, then he is in legal possession of that article. But if an individual does not have the ability or intent to exercise substantial control over that object, then he is not in possession.

Proof of ownership is not required to establish possession.

“Knowingly” Defined

Under this second element, you must also find that Mr. Reynolds “knowingly” possessed the ammunition. This means that the defendant possessed the ammunition purposely and voluntarily, and not by accident or mistake. It also means that he knew that the ammunition was ammunition as we commonly use that word.

The Government is not required to prove that the defendant knew he was breaking the

law. It is sufficient if the defendant possessed the ammunition purposefully and voluntarily, as opposed to by accident or mistake. The length of time of the possession—or the reasons why an item was possessed—are not relevant.

## V. Third Element: In or Affecting Interstate or Foreign Commerce

The third element that the Government must prove beyond a reasonable doubt is that the ammunition that Mr. Reynolds is charged with possessing was in or affecting interstate or foreign commerce.

This means that the Government must prove that at some time before Mr. Reynold's possession of the ammunition, that ammunition had traveled in interstate or foreign commerce. The term "commerce" means simply either movement between one state and another or movement between the United States and a foreign country.

In this regard, I instruct you that it is sufficient for the government to satisfy this element by proving that at some point before the defendant's possession, the ammunition moved over a state line or across the United States border. For example, if the ammunition came from another state to New York, then it was transported or shipped in interstate commerce.

The Government does not have to prove that the defendant himself carried the ammunition across a state line or the United States border, nor must the Government prove who carried it across or how it was transported. It is also not necessary for the Government to prove that the defendant knew that the ammunition had previously crossed a state or national border.

In this regard, you have heard evidence in the form of a stipulation between the parties that the ammunition the defendant is charged with possessing was not manufactured in New York state.

## W. Venue

In addition to dealing with the elements of Count One, you must also consider the issue of venue—namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York. The Southern District of New York encompasses Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties, so anything that occurs within those counties occurs in the Southern District of New York.

I note that on this issue, and this issue alone, the Government need not offer proof beyond a reasonable doubt and it is sufficient if the Government proves venue by a mere preponderance of the evidence. Proof by a preponderance of the evidence means that the fact is more likely than not true. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime you are considering occurred within the Southern District of New York. So, for example, the defendant's presence in this District at the time he committed the charged crime is sufficient to establish venue.

## X. Motive

Proof of motive is not a necessary element of the crime with which the defendant is charged. Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendant is not guilty. If the guilt of the defendant is shown beyond a reasonable doubt, it is immaterial what the defendant's motive for the crime or crimes may be, or whether the defendant's motive was shown at all. The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of the defendant.

## Y. Variance in Dates

You will note that the Indictment alleges that certain acts occurred on or about various dates. It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date. The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

## Z. Closing Arguments

With these instructions in mind, you will now hear from the lawyers, who will give their closing arguments. I remind you that arguments by lawyers are not evidence because the lawyers are not witnesses. However, what they say to you in their closing arguments is intended to help you understand the evidence and to reach your verdict. Please pay careful attention to their arguments.

**COURT EXHIBIT 3A**

## Final Instructions

### 1. Selection of Foreperson

You are about to go into the jury room and begin your deliberations. When you retire, you should elect one member of the jury as your foreperson. The foreperson does not have any more power or authority than any other juror, and his or her vote or opinion does not count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the Court. He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the Marshal that the jury has reached a verdict, and he or she will then come into open court and give the verdict.

### 2. Right to See Exhibits and Hear Testimony; Communications with Court

We will send into the jury room all of the exhibits except [ANY EXCEPTIONS]. Those additional exhibits will be made available on request, and all of the other exhibits will be loaded onto the computer that is available to you in the jury room. If you have any difficulty operating the computer or finding what you want to see, please send me a note and I will send someone in to help.

If you want any further explanation of the law or if you want to hear any testimony read back, you may request that. If you ask for any testimony to be re-read, please be as specific as possible so that we can identify exactly what you want read and not waste time reading testimony that you do not want to hear. If there is any doubt or question about the meaning of any part of the instructions that I have given you, you should not hesitate to send me a note asking for clarification or for further explanation.

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching on this case. There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me, you should send me a written note signed by your foreperson, by giving it to the Marshal, who will be available outside the jury room throughout your deliberations. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will never communicate with a member of the jury on any subject touching on the merits of the case other than in writing or orally here in open court. If you send any notes to the Court, do not disclose anything about your deliberations. Specifically, do not disclose to anyone — not even to me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

### 3. Notes

Some of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory. Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. All jurors' recollections are equal. Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter read back the transcript, because it is the court record that the jury must rely on when making a determination of the facts and rendering a verdict.

**4. Duty to Deliberate/Unanimous Verdict**

In a few minutes, you will head into the jury room to begin your deliberations. Your function is to weigh the evidence in this case and to determine whether the Government has proven the guilt of the defendant with respect to each count charged in the Indictment.

Your verdict must be unanimous. This means that each and every one of you must agree upon your verdict. Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors. This is the very essence of jury deliberation. It is your duty to consult with one another and to deliberate with a view to reaching an agreement. So please listen to the opinions of your fellow jurors and ask for an opportunity to express your own views. Every juror should be heard.

If, after listening to your fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view. On the other hand, do not surrender your honest convictions and beliefs solely because of the opinions of your fellow jurors or because you are outnumbered. You should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the case.

Finally, I say this not because I think it is necessary but because it is the custom in this courthouse: you should treat each other with courtesy and respect during your deliberation.

When you are deliberating, all twelve jurors must be present in the jury room. If a juror is absent, you must stop deliberations. Four or five or ten jurors together are only a gathering of individuals. Only when all jurors are present do you constitute a jury and only then may you deliberate.

If you are divided, do not report how the vote stands. Simply state that you are divided. If you have reached a verdict, do not report what it is until you are asked in open court. Simply inform me that you have reached a verdict.

### 5. Return of Verdict

I have prepared a verdict form for you to use in recording your decisions. After you have reached a unanimous verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict that is announced in Court. Once your verdict is announced in open court and officially recorded, it cannot ordinarily be revoked.

## 6. Closing Comments

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact.

I remind you that at the very beginning of this case you took an oath. Your oath sums up your duty. You must render judgment impartially and fairly, without prejudice or sympathy, solely upon the evidence in the case and the applicable law.

I know you will try the issues that have been presented to you according to that oath. And as you do so, remember that all litigants stand equal in this room. All litigants stand equal before the bar of justice. All litigants stand equal before you.

Members of the jury, that concludes my instructions to you. You may stand and stretch while I confer with the attorneys to see if there are any additional instructions that they would like to have me give to you or anything I may not have covered in my previous statement. I ask you not to discuss the case because the case has not yet been formally submitted to you.

## 7. Alternates

Before you retire into the jury room I must inform you that the law provides for a jury of twelve people in this case. Therefore, two people—jurors 13 and 14—are alternates. Jurors 13 and 14 will be allowed to leave the courthouse during deliberations, but you are not yet excused as jurors in this case. In the event that one of the non-alternate jurors can no longer deliberate, you will be recalled to continue your service, so I am releasing you for now but I am not excusing you from jury service yet. For now, though, you may leave. You have been very attentive and very patient. I am sorry that you may miss the experience of deliberating with the jury, but the law provides for a jury of twelve people in this case. Before the rest of the jury retires to the jury room, if you have any clothing or objects there you are asked to pick them up and to withdraw before any deliberations start.

Please do not discuss the case with anyone over the next few days. If you would like to be advised of the outcome of the trial, please make sure that Ms. Molinelli has a phone number at which you can be contacted.

(Alternates released).

* * * * *

Members of the jury, you may now retire to deliberate.

(Marshal sworn.)

Court Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

KWANE REYNOLDS,

Defendant.

25-CR-0222 (JAV)

**VERDICT FORM**

Please indicate your verdict with a check mark.

**Count One: Possession of Ammunition After a Prior Felony Conviction**

How do you find the defendant Kwane Reynolds with respect to Count One?

NOT GUILTY: ____________ GUILTY: ____________

_________________________ _________________________
FOREPERSON DATE

Ct Ex 5 6/26/26
5:02

we would like to stay
for another 30 min.

G & U 6/26/26
05:33

We will come back on
Monday to continue.

Ct. Ex 7

6/29 10:39

1. Does both casings have to be considered as evidence or ~~does~~ is one casing sufficient?

For example, is one single casing/ammunition in the possession of the defendant sufficient [illegible]

[redacted]

Ct & 8
6/29 11:05

We have reached a verdict.

[redacted]

Court Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

KWANE REYNOLDS,

Defendant.

25-CR-0222 (JAV)

**VERDICT FORM**

Please indicate your verdict with a check mark.

**Count One: Possession of Ammunition After a Prior Felony Conviction**

How do you find the defendant Kwane Reynolds with respect to Count One?

NOT GUILTY: ______________ GUILTY: ✓

[redacted]
FOREPERSON

6/29/2026
DATE